### Moffitt-West Drug Co. v. Owen J. Aldrich.

1.   PROPOSITION OF LAW—*Reversible Error.*—Slight errors in the propositions of law should not reverse the judgment.

Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.   Heard in this court at the October term, 1899.   Affirmed.   Opinion filed February 1, 1900.

E. P. WILLIAMS and J. D. WELSH, attorneys for appellant.

CARNEY, SHUMWAY & RICE, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

As sheriff of Knox county, appellee levied upon a stock of goods under an execution against M. H. Johnston in favor of the Nuttal Company for the sum of $1,000 damages, and costs of suit, which execution was issued out of the Circuit Court of said county. Appellant claiming to be the owner of said stock of goods as a purchaser from M. H. Johnston, sued out a writ of replevin and took the goods from the custody of the sheriff. There was a declaration in the usual form, to which the defendant pleaded *non cepit*, property in himself, and a third plea justifying under the execution against Johnston, and averring the property to be in the latter and not in the plaintiff. The cause was tried by a jury and the issues found for plaintiff, but a new trial being granted, a jury was waived, and the cause tried by the court, who found the issues for the defendant and rendered judgment against the plaintiff for a return of the property, and for one cent damages and the costs of suit. Plaintiff below prosecutes this appeal.

There is no question that at one time Johnston was the owner of the stock of goods in controversy as part of a drug business which, for a number of years, he carried on in the city of Galesburg. It is conceded he was the sole owner and in full possession of the goods, and the store in which he did business in his own name up to November, 1895. In that month, Johnston was indebted to appellant in about the sum of $1,750. On November 16, 1895, an arrangement was made between appellant and Johnston, which the former claims and insists was an absolute and *bona fide* sale to it of the stock of goods and business of the drug store, but which Johnston swears was not a sale, but was merely a colorable transaction based upon a secret understanding that the store and business should be run in the name of appellant, by Johnston as agent, until said sum of $1,750, owing by Johnston to appellant, was paid, and that then the store and stock should be returned to Johnston.

If this was the real understanding and agreement of the

parties, there can be no doubt the transaction was fraudulent and void as to other creditors. A large amount of evidence was taken upon both sides to sustain the different contentions of the parties, much of which is conflicting in its character, and we do not deem it necessary to discuss it in detail.

The judge who tried the cause had a better opportunity of judging as to the credibility of the witnesses than we have, and we are not prepared to say he came to a wrong conclusion upon the evidence.

There are certainly many circumstances appearing in the evidence which tend to corroborate Johnston, and which are entirely inconsistent with the idea of an absolute sale of the goods and business to appellant.

On the whole we are satisfied with the finding of the court on the question of fact involved in the trial.

The propositions of law submitted by appellant were argumentative and improper, and there was no error in refusing them.

The propositions of law held by the court for appellee are open to criticism and not free from error, but we think, on the facts, the finding and judgment were so clearly right, that slight errors in the propositions of law should not reverse the judgment, and it will therefore be affirmed.